FILED
10/2/18
OCT 02 2018 AM
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | CASE NO. 14 C 1748 <br> MDL NO. 2545 |
| ALAN M. LESCHYSHYN, PLAINTIFF, | CASE NO. 1:17-cv-01778 |
| VS. <br> ABBVIE, INC. ET AL., DEFENDANTS. | EXPEDITED MOTION TO STRIKE DISMISSAL OF CASE WITH PREJUDICE USING RULE 60(b)(1) |

The Plaintiff, Alan M. Leschyshyn, pro se, requests via Rule 60(b)(1) that this Honorable Court strike the Judgment entered on May 14, 2018 (docket 16 in Case # 1:17-cv-01778) dismissing this case with prejudice.

A. APPLICABLE LAW

In Borrero v. City of Chicago, 456 F.3d 698, 701-02 (7th Cir. 2006), the Court of Appeals declared that district courts should analyze each post-judgment motion based on it's substance, as opposed to the date on which the motion was filed. The Seventh Circuit reiterated this in Obriecht v. Raemisch, 517 F.3d 489, 493-94 (7th Cir. 2004): "Whether a motion...should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it."

A motion under Rule 60(b)(1) asserting mistake, inadvertance, surprise or excusable neglect may be filed within one year after entry of judgment. Fed. R. Civ. P. 60(c)(1).

Under Rule 60(b), a Court may relieve a party from final judgment for "mistake, inadvertance, surprise, or excusable neglect", and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (6). Relief under 60(b) is "an extraordinary remedy" reserved for the "exceptional" case. McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000) (Rule 60(b)).

1

While the discretion to grant or deny a motion under Rule 60(b) is left to the district court, the Seventh Circuit has counseled that three factors should be taken into consideration when reviewing a Rule 60(b)(1) motion in the context of vacating a dismissal order. The Rule 60(b)(1) standard requires the movant to "demonstrate good cause for the [dismissal], quick action to correct it, and a meritorious case." Trade Well Int'l v. United Central Bank, 825 F.3d 854, 2016 WL 3361682 *4 (7th Cir. 2016); see also Jones v. Phipps, 39 F.3d 158, 162 (7th Cir. 1994) (As the Rule 60(b)(1) standard has developed, a specialized three-part standard has evolved which squarely places the burden on the moving party to show: (1) "good cause" for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to motion to dismiss the original complaint.) Applying the standard here, the Court considers whether: (1) Plaintiff had good cause for not complying with Case Management Order (CMO) No. 85 (Supplemental Plaintiff Profile Form) in a timely manner; (2) Plaintiff took quick action after discovering it's deficiency to cure the discovery request and to vacate the dismissal; and (3) Plaintiff had a meritorious defense to Defendant's motion to dismiss.

### B. ANALYSIS

Plaintiff has never been served with any orders. The service requirements of Rule 5 are not mere technicalities, but are meant to assure that all parties are provided with the papers affecting them, an especially important consideration when a part is pro se and has no electronic access to the Court's docket. 4B Charles Alan Wright, et al., Federal Practice and Procedures § 1141 (3d

2

ed. 2004) (Citing Fed. R. Civ. P. 5, Advisory Committee Notes on 1963 Amendments). The Court cautions that it will be less tolerant of any further failures to follow all applicable rules of procedure, Gillo v. Gary Cmty. Sch. Corp, 2014 U.S. Dist. LEXIS 104335 Cause No.: 2:14-cv-99-JVB-JEM (July 31, 2014).

In re Motion to Quash Subpoena to Bergen, Paulson & Co., No. 7:10-cv-00434, 2011 U.S. U.S. Dist. LEXIS 149556, 2011 WL 6826416, at *4 (N.D. Iowa Dec. 28, 2011) ("The Court concludes that the Rule should be broadly construed to provide notice when a party's interest might be adversely affected."); Heim v. Dauphin Cnty. Prison, No. 3:CV-10-1491, 2011 U.S. Dist. LEXIS 57223, 2011 WL 2132845, at *1 n.2 (M.D. Pa. May 27, 2011) ("Fed.R.Civ.P. 5(a) requires a party to serve on the other parties to the lawsuit copies of motions, briefs, and other documents accompanying those filings.") Northern District of Illinois General Order 11-0024 reflects this broad interpretation and provides that "Parties to a case assigned to ECF, who are not E-Filers and who have not otherwise consented to service by electronic means under Fed. R. Civ. P. 5(b)(2)[(E)] are entitled to receive a paper copy of any electronically filed document." N.D. Ill. Gen. Order 11-0024(X)(D). In the current case, the Answer to the Complaint and orders at issue as well as any other document relating to the master case were sent electronically to the Plaintiff. The Plaintiff is not an E-Filer (see Docket 9), does not have electronic access to the Court's docket has not given any email address to the Defendant or the Court and has not consented in writing to electronic service required by FEd. R. Civ. P. 5(b)(2)(E). Both the Court and Defendant has

3

violated at least a local and a federal procedural rule when it purported to serve Plaintiff by email. Even docket 16, the dismissal order which the docket listing states that the Court mailed the notice, was never received by the Plaintiff.

The Plaintiff in his experience has followed the motto "trust but verify". The Plaintiff is vaguely familar with Class Action Lawsuits, they take years to complete and there are initial bellwether cases that lay the groundwork. The Plaintiff was not suspicous when there was no material sent to him after the "Plaintiff Fact Sheet" request and the "Appearance Form for Pro Se Litigants" from the Defendant and Court respectively. After a few months, the Plaintiff paid a paralegal to get material sent to him from the master case docket. After reviewing the material, there was nothing requested of the Plaintiff to do. So again, the Plaintiff was not suspicous. The Plaintiff requested these updates from the paralegal on an infrequent basis. When the Plaintiff finally noticed the discovery requirements in CMO 85, the deadline had passed. The Plaintiff cured the discovery requirements on June 21, 2018 via certified mail receipt # 7000 1670 0009 8760 6157 to legal counsel of the Defendant. In addition, the Plaintiff responsed to the CMO No. 110 Order to Show Cause pursuant to CMO No. 85, again this was an untimely filing. This was filed on June 28, 2018, docket 17. On July 23, 2018, after now receiving the dismissal order from the paralegal, the Plaintiff filed a Reconsideration Motion, docket 20. There has been no response to either and there has been no correction by the Court or the Defendant in ensuring printed copies are sent to me.

The Plaintiff untimely submittal of additional discovery requirement was cured and the bulk of the information was initially provided to the Defendant. In this case, the Defendant's and the Court's failure to serve printed copies of the orders resulted in "significant" prejudice as demonstrated by the dismissal order with prejudice (docket 16).

## C. CONCLUSION

The Plaintiff motions the Court to STRIKE the dismissal order with prejudice and to have the case reopened.

Dated: September 25, 2018          Respectfully submitted,

 

Alan M. Leschyshyn 38415408
Federal Correctional Institution
La Tuna
P.O. Box 3000
Anthony, TX 88021

Mailed to the following on
the 25th day of September, 2018:
Dechert LLP
ATTN: Hope Freiwald
2929 Arch St.
Philadelphia, PA 19104

Alan M. Leschyshyn 38415408
Federal Correctional Institution
La Tuna
P.O. Box 3000
Anthony, TX 88021




EL PASO TX 799
RIO GRANDE DISTRICT
26 SEP 2018 PM 2 L



10/02/2018-19

⇔ 38415-408 ⇔
Clerk Us District Court
219 S Dearborn ST
Chicago, IL 60604
United States

2018 OCT -2 AM 8:15
CLERK
U.S. DISTRICT COURT

60604-180099

